NO. 07-03-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2003
_____

JENNIFER SCOTT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2001-477,995; HON. DRUE FARMER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

Appellant Jennifer Scott appeals from an order revoking her probation. In one point, she contends that she was denied the effective assistance of counsel. We affirm the order of the trial court.

After pleading guilty to the charge of failing to identify herself as a fugitive from justice, the trial court sentenced her to 90 days imprisonment. The sentence was suspended, and appellant was then placed on probation for one year. Thereafter, the

State moved to revoke her probation. After a hearing, the trial court found that she had violated six conditions of her probation and sentenced her to 90 days in the Lubbock County Jail. Now, appellant argues that her counsel was ineffective because he 1) failed to object to purportedly inadmissible evidence (*i.e.* urinalysis results indicating appellant ingested narcotics), and 2) caused her to admit (at the hearing) that some of the allegations (specifically those regarding drug use) in the motion to revoke were true, though she originally pled "not true."

The standard by which we review ineffective assistance of counsel claims is well established. They need not be repeated. Instead, we cite the parties to *Strickland v. Washington,* 466 U.S. 668, 687-95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Tong v. State,* 25 S.W.3d 707, 714 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001), *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986), and *Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) for its explanation.

With respect to the urinalysis reports showing appellant ingested controlled substances, appellant claims that the reports were inadmissible. Thus, counsel should have objected to them. Yet, she cites us to nothing of record suggesting why he did not. Though we can only speculate on the matter given the state of the record, he may well have deemed it a useless gesture. His client had already executed four different written confessions wherein she admitted to using controlled and other prohibited substances during her term of probation. Indeed, we see little reason for counsel to object to the admission of a urinalysis which serves to illustrate the use of drugs when his client already admitted to using them. *See Tong v. State*, 25 S.W.3d at 714 (rejecting the allegation that

2

counsel was ineffective because the record was silent as to why counsel failed to object and the evidence was insufficient to overcome the presumption that his action was part of a strategic plan). Nor does appellant attempt to explain how the outcome of the proceeding would have differed had the evidence of the urinalysis been excluded.[1] Again, she already confessed to using cocaine and marijuana at different times while on probation. And, no effort is made to attack or otherwise lessen the weight of those confessions on appeal. Thus, we cannot say that appellant carried her burden of showing that there was a reasonable probability that, but for counsel's supposed error, the result would have differed.

As to the matter about counsel having appellant admit that some of the allegations in the motion to revoke were true, appellant again directs us to nothing in the record illustrating his motives for asking the questions. Nor does she explain how the questions and its answers prejudiced her given the confessions to which we alluded above. Furthermore, in soliciting the responses, counsel may well have been attempting to directly confront, in an honest manner, the prohibited conduct to which his client already had admitted. Again, that is speculation, and we cannot engage in it. Instead, it was appellant's burden to 1) rebut the presumption that counsel's actions where reasonably strategic and 2) illustrate prejudice. She did neither, given the record before us.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn

Do not publish. Justice

---

[1]Appellant did assert that the purported misconduct "could have had an adverse impact on the length and severity of the pronounced sentence." Yet, how it "could have" went unexplained.

3